26CA0670 Peo in Interest of Deherrera 07-09-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 26CA0670
Pueblo County District Court No. 26MH30042
Honorable Gregory J. Styduhar, Judge

The People of the State of Colorado,

Petitioner-Appellee,

In the Interest of Jessica Esmeralda Deherrera,

Respondent-Appellant.

APPEAL DISMISSED

Division VII
Opinion by JUDGE MEIRINK
Pawar and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 9, 2026

Cynthia Mitchell, County Attorney, Kate H. Shafer, Special Assistant County Attorney, Pueblo, Colorado, for Petitioner-Appellee

Tezak Law, P.C., Mary Tezak, Florence, Colorado, for Respondent-Appellant

¶ 1     Respondent, Jessica Esmeralda Deherrera, appeals the district court's order authorizing the staff at the Colorado Mental Health Hospital in Pueblo (the hospital) to involuntarily medicate her. Because the appeal is moot, we dismiss it.

## I.     Background

¶ 2     In November 2025, Deherrera was committed to the Department of Human Services after being found incompetent to proceed in a criminal case. This was Deherrera's second hospitalization, having been found incompetent to proceed in the same criminal case in 2023.

¶ 3     In January 2026, Deherrera was admitted to the hospital for inpatient competency restoration treatment. She was diagnosed with bipolar disorder with psychotic features and presented with thought disorganization, paranoid delusional thought content, mood lability, and incongruent affect.

¶ 4     In March 2026, Deherrera's treating psychiatrist at the hospital sought an order to involuntarily medicate her with two antipsychotic medications and one mood stabilizing medication. The district court held an evidentiary hearing, after which the court made the findings required by *People v. Medina*, 705 P.2d 961, 973

1

(Colo. 1985), and entered an order authorizing the requested medications.

¶ 5    Deherrera appealed the order, arguing that the district court erred by finding that the evidence satisfied the *Medina* factors. After the notice of appeal was filed but before briefing concluded, the district court presiding over Deherrera's criminal case issued an order terminating her competency restoration commitment and ordered the hospital to release her.  This court then issued an order directing Deherrera to show cause why the appeal shouldn't be dismissed as moot.

## II.    Compliance with C.A.R. 3.5(b)(4)

¶ 6    C.A.R. 3.5 was recently revised as follows:

> If subsequent orders regarding medication or certification are entered by the district court, or if subsequent events affect the judgment from which appellant initially appealed, counsel for appellant must, within 14 days after entry of the subsequent order or occurrence of the subsequent event, file an appropriate notice or motion informing the Court of that subsequent order or event.

C.A.R. 3.5(b)(4).  The written order terminating Deherrera's commitment to the hospital was issued on May 6, 2026, one day before counsel filed Deherrera's opening brief.  However, counsel

never filed an appropriate notice or motion as required by C.A.R. 3.5(b)(4).

¶ 7     We are aware that counsel has twice previously been admonished by divisions of this court for her failure to notify this court of subsequent events that have affected the order being appealed even though those events occurred before the opening brief was filed. *See People in Interest of Oderson,* slip op. at ¶ 4 n.1 (Colo. App. No. 25CA2062, Dec. 24, 2025) (not published pursuant to C.A.R. 35(e)) (counsel failed to alert the division that respondent's treatment was terminated two days after the notice of appeal was filed); *People in Interest of Johansson,* slip op. at ¶ 10 n.1 (Colo. App. No. 25CA2266, Feb. 5, 2026) (not published pursuant to C.A.R. 35(e)) (counsel failed to alert the division that respondent's treatment was terminated eight days after the notice of appeal was filed).

¶ 8     "We expect counsel to read, be familiar with, and comply with the Colorado Appellate Rules." *Patterson Recall Comm., Inc. v. Patterson,* 209 P.3d 1210, 1220 (Colo. App. 2009). We therefore remind Deherrera's counsel for a third time of her professional duty of candor to this court, Colo. RPC 3.3, and the obligation to include

all relevant facts in her brief, C.A.R. 28(a)(5). We likewise remind counsel of the obligation to notify this court within fourteen days after an event has occurred that affects the judgment on appeal. C.A.R. 3.5(b)(4).

¶ 9    Counsel is admonished that future noncompliance with the appellate rules may result in referral to the Office of Attorney Regulation Counsel or other sanctions. *See* C.A.R. 38(a).

## III.    Mootness

¶ 10    Deherrera acknowledges that she has been released from the hospital and is no longer subject to the involuntary treatment order challenged on appeal. But in response to the show cause order, she contends that the appeal shouldn't be dismissed as moot because it falls within various exceptions to the mootness doctrine, namely (1) issues capable of repetition but evading review; (2) issues involving matters of significant public importance; and (3) issues carrying continuing collateral consequences. We disagree.

### A.    Standard of Review

¶ 11    Whether a case is moot is a legal question that we review de novo. *DePriest v. People*, 2021 CO 40, ¶ 8.

4

## B. Analysis

¶ 12    A case is moot when a judgment would have no practical effect on an existing controversy. *People in Interest of L.O.L.*, 197 P.3d 291, 293 (Colo. App. 2008); *see also People in Interest of Vivekanathan*, 2013 COA 143M, ¶ 14 (When a case is moot, "[a]ny decision on the merits would result in an advisory opinion, and we should not issue such opinions."). On appeal, Deherrera asks us to vacate the underlying order authorizing the involuntary administration of medication. But because Deherrera's treatment has been terminated and she is no longer being medicated against her will, granting the requested relief would have no practical effect, rendering the issue moot.

¶ 13    We realize that there are exceptions to the mootness doctrine. For instance, a court may resolve an otherwise moot case when the issue involved is one that is capable of repetition yet evading review. *People in Interest of Ofengand*, 183 P.3d 688, 691 (Colo. App. 2008). Similarly, a court may decide a moot case involving issues of great public importance or recurring constitutional violations. *Id.*

¶ 14    In *Ofengand*, a division of this court applied the exception for issues capable of repetition but evading review in a mental health appeal involving involuntary medication administration.  *Ofengand*, 183 P.3d at 691.  But the appeal in *Ofengand* involved a specific procedural issue that was likely to arise in other cases — that is, whether the patient validly waived her right to counsel.  *Id.* at 691-92.  Deherrera doesn't raise a similar issue in this appeal.  Rather, she asserts only that the district court erred by finding that sufficient evidence supported the requirements for the involuntary administration of medication.  These determinations are fact-specific and turn on Deherrera's condition at the time of the district court's findings.  *See Vivekanathan*, ¶ 14.  Thus, our ruling would have no practical effect on an existing controversy.  *See id.*

¶ 15    Still, Deherrera asserts that this matter is capable of repetition yet evading review because involuntary medication orders "frequently terminate before an appeal can be fully briefed and decided."  In support, she directs our attention to *People in Interest of Hoylman*, 865 P.2d 918, 920 (Colo. App. 1993), in which a division of this court observed that, "[b]y its nature, an order for

short-term hospitalization, *entered in a proceeding in which a respondent has been denied a hearing before a jury*, will expire before the review of such an order may be had before an appellate court." (Emphasis added.) We don't read *Hoylman* to hold, as Deherrera suggests, that any case involving a mental health order is categorically exempt from the mootness doctrine. Rather, like *Ofengand, Hoylman* involved a procedural issue — the denial of a hearing before a jury — that was capable of repetition yet evading review. *See Vivekanathan,* ¶ 10 (including *Holyman* in a list of cases involving procedural issues that were capable of repetition yet evading review).

¶ 16    Even if *Hoylman* could be read to suggest that all mental health orders are reviewable because they often expire before an appellate court can review them, such a proposition is no longer true today. We consistently review orders for involuntary administration of medication before they expire. *See* C.A.R. 3.5(j) (mandating expedited resolution of appeals involving orders entered in mental health proceedings). We therefore reject Deherrera's contention that this matter is capable of repetition yet evading review.

## 2. Issues of Great Public Importance

¶ 17     Next, Deherrera asserts that this appeal shouldn't be dismissed because it involves an issue of great public importance — namely, the significant liberty interest in avoiding the unwanted administration of antipsychotic medication.  *See Ofengand*, 183 P.3d at 691.  While mental health cases have the potential to deprive respondents of significant liberties, there is no broad public issue on appeal.  Rather, the only issue before us is whether the evidence was sufficient to involuntarily medicate Deherrera against her will.  Because that issue is unique to Deherrera, it's not a question of a public nature.  *Cf. People in Interest of O.C.*, 2013 CO 56, ¶ 10 (issue of whether relatives may intervene as matter of right in termination and placement hearings is a matter of great public importance); *Humphrey v. Sw. Dev. Co.*, 734 P.2d 637, 639 (Colo. 1987) (issue impacting water court jurisdiction is a matter of great public importance).  Thus, we conclude that the public importance exception to the mootness doctrine doesn't apply.

## 3. Collateral Consequences

¶ 18     Finally, Deherrera asserts that this appeal isn't moot because collateral consequences will persist beyond the termination of the

underlying commitment.  Under the collateral consequences exception to the mootness doctrine, a case is moot "only if it is shown that there is no possibility that any collateral legal consequences will be imposed."  *DePriest*, ¶ 9 (treating collateral consequences as an exception to the mootness doctrine).  We aren't persuaded.

¶ 19    The collateral consequences exception to mootness is often invoked in the criminal context to allow a defendant to appeal a criminal conviction that has ongoing collateral consequences even though the defendant has already completed the underlying sentence.  *See id.*, ¶ 10 ("Even if a sentence has been fully served, an appeal of the underlying conviction is not moot if there is a possibility that the conviction will give rise to collateral consequences.").  Drawing from this principle, Deherrera asserts that the judicial findings underlying the challenged involuntary medication order — that she suffers from a qualifying mental illness, lacks insight into that condition, and is incapable of effectively participating in treatment decisions — could be considered in future competency, restoration, or involuntary

treatment proceedings, or in other matters involving her mental health status and decision-making capacity.

¶ 20    But Deherra doesn't cite to any authority, and we aren't aware of any binding authority, applying the collateral consequences exception to mootness in an involuntary treatment proceeding on the grounds that an involuntary medication order might adversely affect future competency, restoration, or other matters involving a person's mental health status and decision-making capacity.

¶ 21    We therefore reject Deherrera's contention and conclude that the appeal is moot.  As a result, we don't address the merits of her appeal.

## IV.   Disposition

¶ 22    The appeal is dismissed.

JUDGE PAWAR and JUDGE SULLIVAN concur.